RECEIVED
FEB -4 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

JAMIE LABRANCHE, on behalf of himself and all similarly situated "No Party" voters,

Plaintiff,

v.

STATE OF LOUISIANA;

JEFF LANDRY, in his official capacity as Governor of Louisiana;

NANCY LANDRY, in her official capacity as Secretary of State of Louisiana; and

LOUISIANA STATE BOARD OF ELECTIONS,

Defendants.

CIVIL ACTION NO.: _____

DIVISION: _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Jamie LaBranche ("Plaintiff" or "LaBranche"), on behalf of himself and, if certified as a class action, all similarly situated "No Party" registered voters in Louisiana (approximately 808,620 individuals as of the date of filing), by and through his undersigned pro se representation, files this Complaint against Defendants the State of Louisiana, Governor Jeff Landry (in his official capacity), Secretary of State Nancy Landry (in her official capacity), and the Louisiana State Board of Elections (collectively, "Defendants"). Plaintiff seeks declaratory judgment, injunctive relief, including a temporary restraining order (TRO), preliminary injunction, and permanent injunction, to halt enforcement of Louisiana House Bill 17 ("HB 17") and related election practices that violate federal law and the U.S. Constitution. This action is brought pursuant to 42 U.S.C. § 1983, the Voting Rights Act of 1965 (as amended), 52 U.S.C. § 10301 et seq., and other applicable federal statutes.

**JURISDICTION AND VENUE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights and elective franchise), and 52 U.S.C. § 10308(f)

(Voting Rights Act enforcement). The claims arise under the U.S. Constitution (First Amendment, Fourteenth Amendment) and federal statutes, including the Voting Rights Act of 1965.

This Court has personal jurisdiction over Defendants, as they are state entities and officials operating within Louisiana.

Venue is proper in the Middle District of Louisiana pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims occurred in this district, including the enactment and enforcement of HB 17, and Defendants reside or perform official duties here. Plaintiff resides in LaPlace, Louisiana, within this district.

Declaratory relief is authorized by 28 U.S.C. §§ 2201-2202. Injunctive relief is authorized by Federal Rule of Civil Procedure 65 and inherent equitable powers of the Court.

**PARTIES**

Plaintiff Jamie LaBranche is a resident of LaPlace, Louisiana, and a registered "No Party" voter. He is a declared candidate for the United States Senate seat from Louisiana in the 2026 election, having registered with the Federal Election Commission (FEC) in the summer of 2025. LaBranche has a proven track record as a grassroots contender, garnering over 265,000 votes in the 2011 statewide race for Louisiana Commissioner of Agriculture and Forestry and over 80,000 votes in the 2015 race for the same office, without spending any campaign funds. He has built substantial support across party lines, including Democrats, Republicans, and "No Party" voters, through grassroots efforts.

If certified, the proposed class consists of approximately 808,620 "No Party" registered voters in Louisiana who are disenfranchised by HB 17's closed primary system, which excludes them from participating in party primaries that effectively determine general election outcomes in a one-party dominant state.Forcing there hand to vote for republican or democrat.

Defendant State of Louisiana is a sovereign state responsible for enacting and enforcing election laws, including HB 17.

Defendant Jeff Landry is the Governor of Louisiana and is sued in his official capacity. He signed HB 17 into law on January 24, 2024, and oversees its implementation.

Defendant Nancy Landry is the Secretary of State of Louisiana and is sued in her official capacity. She administers elections, sets qualifying fees, and enforces ballot access requirements, including the increased fee from $900 to $3,500 and the signature requirements

challenged herein.

Defendant Louisiana State Board of Elections is the state agency responsible for overseeing elections and certifying candidates.

**STANDING**

Plaintiff LaBranche has Article III standing to bring this action. He satisfies the requirements of injury-in-fact, causation, and redressability. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).a. Injury-in-Fact: LaBranche suffers concrete and particularized injuries from HB 17 and related practices. As a "No Party" candidate, the closed primary system excludes him from competing in party primaries, forcing him into a general election where party nominees have already secured advantages. This diminishes his vote share, requires him to expend additional resources on signature gathering (over 2,500 signatures required), and damages his reputation as a viable grassroots candidate. The increased qualifying fee ($3,500) discriminates against candidates of modest means like LaBranche, who relies on grassroots support without significant funding. These barriers have already harmed his campaign, which began in 2025 with FEC registration and widespread voter outreach. LaBranche's past electoral success (265,000+ votes in 2011; 80,000+ in 2015) demonstrates his viability, and these rules threaten his ability to compete fairly, potentially causing him to lose the election. See FDA v. Alliance for Hippocratic Med., 602 U.S. 367, 379 (2024) (recognizing personal stake in challenging rules affecting one's interests); see also Michael Bost v. Illinois State Bd. of Elections, No. 24-568 (U.S. Supreme Court Jan. 14, 2026) (unlawful election rules can injure candidates by causing loss of election, increased expenditures, decreased vote share, and reputational harm). Additionally, as a "No Party" voter, LaBranche is disenfranchised from primaries that decide outcomes.b. Causation: The injuries are fairly traceable to Defendants' actions. Governor Landry signed HB 17; Secretary Landry enforces the fee increase and signature requirements; and the State and Board implement the closed system. These changes were enacted without proper safeguards, directly burdening LaBranche.c. Redressability: A favorable decision enjoining HB 17 and related rules would redress the injuries by restoring open access, reducing barriers, and allowing fair competition. An injunction halting election activities (e.g., qualifying ending February 13, 2026) would prevent irreparable harm pending adjudication.

For the proposed class, "No Party" voters suffer vote dilution and disenfranchisement under HB 17, as they are excluded from primaries in a system where primaries often determine winners. This creates a personal stake for class members. See Fed. R. Civ. P. 23 (class certification standards)."No party" force to vote for democrat or republican or not at all.

**STATEMENT OF FACTS**

On January 24, 2024, Governor Landry signed HB 17 into law, implementing a closed party primary system for Louisiana elections, including the 2026 U.S. Senate race. HB 17 was sponsored by Representative Julie Emerson and passed the House in one week. Shortly after, Emerson entered the Senate race, suggesting an intent to eliminate competitors like incumbent Senator Bill Cassidy and grassroots candidates like LaBranche.

HB 17 requires voters to affiliate with a party to participate in primaries, excluding "No Party" voters (approximately 808,620) from meaningful electoral participation. In Louisiana's political landscape, primaries often decide outcomes due to party dominance.

The enactment violated federal protections. Although Section 5 preclearance under the Voting Rights Act was suspended by Shelby County v. Holder, 570 U.S. 529 (2013), HB 17's discriminatory effects violate Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, by diluting minority and independent voting strength without justification. No confirmation from the U.S. Attorney General or D.C. District Court was obtained, and Defendants cannot produce such documentation.

Secretary Landry increased the qualifying fee from $900 to $3,500, targeting grassroots candidates like LaBranche, who cannot afford it without traditional funding. Additional requirements include over 2,500 signatures for ballot access.

These changes harm LaBranche's campaign, which relies on broad support across parties. Meanwhile, Defendants have arbitrarily adjusted rules elsewhere, e.g., reducing signatures for Louisiana Supreme Court candidates from 1,000 to 150 last month, (showing selective enforcement).

The system transfers power from voters to partisan actors, allowing unlimited objections without standing, burdening core political speech, denying equal protection, and violating due process.

Without relief, the 2026 Senate race will not reflect the people's will, disenfranchising "No Party" voters and barring LaBranche from fair competition. Qualifying ends February 13, 2026, necessitating immediate injunction.

**CLAIMS FOR RELIEF**

*COUNT I: Violation of Section 2 of the Voting Rights Act (52 U.S.C. § 10301)*

HB 17 and related practices result in denial or abridgement of voting rights on account of race, color, or party affiliation (or lack thereof), diluting votes of "No Party" voters and candidates. This imposes discriminatory barriers without compelling justification, violating Section 2. See Thornburg v. Gingles, 478 U.S. 30 (1986).

*COUNT II: First Amendment Violation (42 U.S.C. § 1983)*

The closed system and barriers burden core political speech and associational rights by conditioning participation on party affiliation, chilling independent candidacy and voter expression. See Anderson v. Celebrezze, 460 U.S. 780 (1983).

*COUNT III: Fourteenth Amendment Equal Protection Violation (42 U.S.C. § 1983)*

Defendants' rules arbitrarily discriminate against "No Party" candidates and voters, denying equal protection by favoring party-affiliated individuals without rational basis. See Bush v. Gore, 531 U.S. 98 (2000).

*COUNT IV: Fourteenth Amendment Due Process Violation (42 U.S.C. § 1983)*

Permitting unlimited objections without standing and arbitrary rule changes violate procedural due process, lacking fair notice and opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319 (1976).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

a. Issue a declaratory judgment that HB 17 and related practices violate the Voting Rights Act

and U.S. Constitution;

b. Issue a TRO and preliminary injunction enjoining Defendants from enforcing HB 17, proceeding with qualifying (ending February 13, 2026), or any election activities until adjudication;

c. Issue a permanent injunction barring enforcement of the challenged rules;

d. Certify the class of "No Party" voters;

e. Award costs and any other relief deemed just.

Respectfully submitted,

/s/ Jamie LaBranche

Jamie LaBranche, Pro Se

2173 Carmel Valley Drive

LaPlace, LA 70068

(504) 559-9586

(504) 258-4743

jamielabranche@yahoo.com

www.jamielabranche.com

Date: February 1, 2026