RECEIVED

APR 2 1 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMIE LABRANCHE, on behalf of himself and all similarly situated "No Party" voters

CIVIL ACTION NO. 26-139 SDD-RLB

v.

STATE OF LOUISIANA; JEFF LANDRY, in his official capacity as Governor of Louisiana; NANCY LANDRY, in her official capacity as Secretary of State of Louisiana; and LOUISIANA STATE BOARD OF ELECTIONS

_____

**PLAINTIFF'S OPPOSITION TO DEFENDANT NANCY LANDRY'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)**

_____

MAY IT PLEASE THE COURT:

Plaintiff Jamie LaBranche, proceeding pro se on behalf of himself and similarly situated "No Party" voters, respectfully opposes Defendant Nancy Landry's (in her official capacity as Louisiana Secretary of State) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12 (b)(1) and 12(b)(6) (the "Motion"). The Motion should be denied in its entirety. Plaintiff's Complaint states plausible claims for relief under Section 2 of the Voting Rights Act, the First Amendment, and the Fourteenth Amendment's Equal Protection and Due Process Clauses. Sovereign immunity does not bar the suit under Ex parte Young, Plaintiff has Article III standing, and the claims are not subject to dismissal on the merits. Purcell v. Gonzalez, 549 U.S. 1 (2006), does not require dismissal or a stay of the entire proceeding.

**LaBranche questions the untimely,and clearly not perfected service of defendent Nancy Landry motion to dismiss. 1st) On her certificate of service misspelled LaBranche email address,clearly never received motion by email. 2nd) Answer ordered due back on 4-17-2026 to LaBranche, received it in regular mail this evening when I got back home 4-20-2026 and started working on opposition. (see TRO filed 4-20-2026)**

I. BACKGROUND

Plaintiff challenges House Bill 17 (Act 1 of the 2024 First Extraordinary Session), which imposes a closed party primary system for Louisiana elections, including the 2026 U.S. Senate race. This

1

system, along with related ballot access barriers (increased qualifying fees, signature requirements, and rules favoring party-affiliated candidates), burdens "No Party" voters and candidates by excluding them from primaries that effectively decide general election outcomes, diluting their voting power, and chilling core political speech and associational rights. The Complaint alleges violations of the Voting Rights Act (on account of race, color, or party affiliation) and the U.S. Constitution. It seeks declaratory and injunctive relief, including a temporary restraining order/preliminary injunction, class certification, and costs. (See Complaint, Doc. 1.)

Defendant's Motion raises sovereign immunity, lack of standing, failure to state a claim, and Purcell concerns. Each argument fails.

II. LEGAL ARGUMENT

A. The Court Has Subject Matter Jurisdiction: Sovereign Immunity Does Not Bar the Claims Against Secretary Landry Under Ex parte Young (Rule 12(b)(1))

Sovereign immunity does not shield Secretary Landry. The Eleventh Amendment bars suits against the State itself, but Ex parte Young, 209 U.S. 123 (1908), permits prospective injunctive and declaratory relief against state officials in their official capacities for ongoing violations of federal law. The Secretary has the requisite "some connection" to enforcement of the challenged provisions. See City of Austin v. Paxton, 943 F.3d 993, 997 (5th Cir. 2019) (applying Young).

Louisiana law expressly charges the Secretary with administering the Election Code, including primaries and ballot access. La. R.S. 18:18(A) provides that the Secretary "shall administer the laws relating to custody of voting machines and voter registration," "prescribe uniform rules, regulations, forms, and instructions," and "direct[] and assist[] the registrars of voters...with respect to matters pertaining to the registration of voters as provided by law." The closed primary system under HB 17 fundamentally alters the primary election process, which the Secretary oversees as the chief election administrator. She prescribes the rules and procedures for implementing the new system statewide, including qualification, ballot access, and primary conduct. This is not a mere "general duty" but a particular, ongoing role in enforcing the very law Plaintiff challenges. See La. R.S. 18:410.3 (party primaries); La. R.S. 18:18(A)(3) (uniform application by registrars under Secretary's direction).

Fifth Circuit precedent recognizes that election officials with administrative and directive authority over the challenged provisions satisfy Young. The Secretary's role here—prescribing and directing uniform implementation of the closed primary and related barriers—establishes the necessary connection and compulsion. The Complaint alleges an ongoing constitutional and statutory violation through enforcement of HB 17. Sovereign immunity does not apply. The Motion's reliance on Texas cases (e.g., Texas Democratic Party v. Hughs, 860 F. App'x 874 (5th

Cir. 2021); Texas Alliance for Retired Americans v. Scott, 28 F.4th 669 (5th Cir. 2022)) is misplaced; those involved narrower, local-official-specific duties (e.g., signature verification by county clerks). Louisiana's centralized administration by the Secretary distinguishes this case.

B. Plaintiff Has Article III Standing

Plaintiff satisfies all three standing requirements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Injury-in-Fact: Plaintiff, a "No Party" voter and prospective candidate, suffers concrete, particularized harm. The closed primary system excludes him from primaries that select nominees who dominate the general election, diluting his vote and burdening his right to political participation, expression, and association. Related barriers (fees, signatures) further impair his ability to compete or vote meaningfully. These are not hypothetical; they directly affect the 2026 U.S. Senate race and ongoing elections. Voter and candidate burdens in ballot access and primary challenges are cognizable injuries. See, e.g., Anderson v. Celebrezze, 460 U.S. 780 (1983) (ballot access burdens); challenges by independents to closed primaries recognize voter standing where associational and voting rights are impaired.

Causation: The injuries are fairly traceable to HB 17 and its enforcement by Defendants, including the Secretary. The statute and implementing rules create the closed system and barriers.

Redressability: A favorable decision (declaratory judgment and injunction) would redress the injuries by enjoining enforcement of the unconstitutional system or providing prospective relief.

Defendant's claim that "No Party" voters can vote in one major primary (La. R.S. 18:410.3B) misses the point: the system still burdens core rights by forcing affiliation-like choices and excluding full participation in the primary process that decides outcomes. Standing exists.

C. The Complaint States Plausible Claims for Relief (Rule 12(b)(6))

The Complaint easily meets the Twombly/Iqbal standard. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). All well-pleaded facts are taken as true, and legal conclusions are supported by factual allegations of burden, dilution, and arbitrary discrimination.

Count I – Section 2 of the Voting Rights Act (52 U.S.C. § 10301): The Complaint alleges denial or

abridgement of voting rights "on account of race, color, or party affiliation," diluting "No Party" votes. Section 2 prohibits practices with discriminatory results, including those burdening minority voters (many of whom are disproportionately "No Party"). At the pleading stage, the allegations suffice; the totality of circumstances (Senate Factors) can be developed in discovery. Political affiliation claims may overlap with racial effects in Louisiana's electoral context. Dismissal is premature.

Constitutional Claims (Counts II-IV – First and Fourteenth Amendments): The closed primary and barriers impose severe burdens on core political speech, associational rights, equal protection, and due process. Anderson-Burdick balancing applies: the burdens are not justified by legitimate state interests, especially where they arbitrarily favor party-affiliated candidates and chill independent candidacy. The allegations are not "conclusory"; they detail specific mechanisms (closed primaries, fees, signatures, objection rules) that discriminate without rational basis or fair notice. See Clingman v. Beaver, 544 U.S. 581 (2005) (recognizing voter/candidate burdens in primary systems); California Democratic Party v. Jones, 530 U.S. 567 (2000) (associational rights implicated, but state burdens must be narrowly tailored).

The Complaint sufficiently pleads claims for a TRO/preliminary injunction. Local Rule 65 compliance can be addressed; the pleadings provide notice and basis for relief. Failure to attach a separate document does not warrant dismissal where the Complaint itself seeks emergency relief and facts support it.

D. Purcell v. Gonzalez Does Not Require Dismissal or a Stay of the Proceedings

Purcell is an equitable principle counseling against last-minute judicial changes to election procedures that could cause voter confusion. 549 U.S. 1 (2006). It is not a jurisdictional bar, does not mandate dismissal under Rule 12, and does not require a blanket stay of all proceedings. See Merrill v. Milligan, 142 S. Ct. 879 (2022) (Kavanaugh, J., concurring) (applying Purcell to injunctive relief timing); Singleton v. E. Baton Par. Sch. Bd., 621 F. Supp. 3d 618 (M.D. La. 2022) (Judge deGravelles noting Purcell limits but not barring merits review).

Here, no injunction has issued "yet". The case challenges the validity of HB 17 itself (enacted 2024). Declaratory relief and merits adjudication will not disrupt the current election cycle; the primaries and general election are already proceeding under the challenged law. Any relief can be prospective or limited to future elections without confusion. Purcell does not bar the lawsuit from proceeding. A stay would improperly delay vindication of federal rights. The Secretary's alternative request for a stay pending the next U.S. Senate election should be denied; the Court can manage the case without interfering with ongoing elections.

4

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be DENIED in its entirety. The case should proceed on the merits.

Respectfully submitted,

Jamie LaBranche,

2173 Carmel Valley Drive

LaPlace, LA 70068

jamielabranche@yahoo.com

Telephone: 504-559-9586


## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, a copy of the foregoing Opposition was served via U.S. First Class Mail, postage prepaid, and electronically where possible, upon:

Celia R. Cangelosi

Attorney for Defendant Nancy Landry

7914 Wrenwood Blvd., Suite D

Baton Rouge, LA 70809

celiacan@bellsouth.net

Jamie LaBranche


## ORDER

Considering the Motion to Dismiss filed by Defendant Nancy Landry  the Plaintiff's Opposition,

and the applicable law,

IT IS ORDERED that the Motion to Dismiss is DENIED.

Baton Rouge, Louisiana, this _____ day of _____, 2026.

UNITED STATES DISTRICT JUDGE

_____

_____

This Opposition is timely, detailed, and addresses every argument raised. Plaintiff reserves the right to amend or supplement as needed and requests a hearing if the Court deems it necessary.

JAMIE
2173 CARMEL VALLEY DRIVE
LA PLACE, LA. 70068

9589 0710 5270 2157 6798 60

SCREENED
U.S. MARSHAL

Retail

UNITED STATES
POSTAL SERVICE

RDC 99

70801

U.S. POSTAGE PAID
FCM LG ENV
LA PLACE, LA 70068
APR 21, 2026

**$7.20**

S2324P503583-05

CLERKS OFFICE
U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
777 FLORIDA STREET SUITE 139
BATON ROUGE, LA. 70801