RECEIVED

MAY 1 ? 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMIE LABRANCHE,

Plaintiff,

v.

JEFF LANDRY, in his official capacity as Governor of Louisiana, et al.,

Defendants.

Civil Action No. 3:26-cv-00139

Judge: SDD - RLB

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY UNDER PURCELL, AND IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

INTRODUCTION

Defendants' motion to dismiss rests on a fundamentally flawed and overly narrow reading of both Louisiana's new closed party primary system (Act 1 of the First Extraordinary Session of 2024) and controlling constitutional and statutory law. Plaintiff Jamie LaBranche, proceeding pro se as an independent ("No Party") candidate for the U.S. Senate and on behalf of similarly situated No Party voters, challenges a system that excludes independent voters and candidates from meaningful participation in the primary process while granting major parties exclusive advantages. This burdens core First and Fourteenth Amendment rights and violates the Voting Rights Act.

The Hyers Report and Recommendation is not binding precedent and involved different parties and a different procedural posture. This Court must conduct its own independent analysis. Sovereign immunity and legislative immunity do not shield prospective injunctive relief against state officials under Ex parte Young. Plaintiff has Article III standing as both a candidate and voter suffering concrete, particularized injuries. The constitutional claims are not foreclosed by Supreme Court precedent because Louisiana's system goes further than the "closed" primaries upheld in prior cases by imposing new burdens on independents while allowing limited crossover voting in a manner that dilutes their influence. The VRA claim is cognizable. Finally,

1

Purcell does not bar relief where the constitutional violations are clear and the election mechanics can still be adjusted without undue disruption.

The motion to dismiss should be denied, and Plaintiff's TRO should be granted.

BACKGROUND

Louisiana's Act 1 fundamentally altered the state's election system by implementing a closed party primary for certain offices, including U.S. Senate. No Party (independent) voters are nominally permitted to vote in one major party primary but are otherwise excluded from full participation in the partisan nominating process. There is no true third-party or independent primary track with equivalent ballot access or visibility. Qualifying requirements for No Party candidates include higher petition signatures and fees in practice, creating disparate treatment. Early voting is underway, but the general election remains months away, leaving time for targeted relief without wholesale disruption.

Plaintiff LaBranche is a registered No Party voter and qualified independent No Party candidate. He and thousands of other No Party Louisianans face direct exclusion and dilution of their voting and associational rights. Compl. 2-3.

STANDARD OF REVIEW

On a Rule 12(b)(1) motion, the Court accepts well-pleaded factual allegations as true and may consider jurisdictional evidence. On a Rule 12(b)(6) motion, the Court likewise accepts all well-pleaded facts as true and draws reasonable inferences in Plaintiff's favor. Hamilton v. Dallas County, 79 F.4th 494 (5th Cir. 2023). Pro se pleadings receive liberal construction. Haines v. Kerner, 404 U.S. 519 (1972).

ARGUMENT

I. The Court Has Subject Matter Jurisdiction

A. Sovereign Immunity Does Not Bar Prospective Injunctive Relief Against State Officials

Ex parte Young, 209 U.S. 123 (1908), permits suits for prospective injunctive relief against state officials to remedy ongoing violations of federal law. Plaintiff sues officials in their official capacities seeking declaratory and injunctive relief against enforcement of Act 1—not retrospective damages against the State treasury. The Governor's role in signing and enforcing the law, combined with the other officials' roles in administering elections, provides the necessary connection. See United States v. Abbott, 85 F.4th 328 (5th Cir. 2023) (distinguishing cases). State agencies may also be subject where relief is properly tailored. Sovereign immunity does not defeat jurisdiction here.

B. Legislative Immunity Does Not Apply to Official-Capacity Prospective Relief

Legislative immunity protects legislators (and sometimes executives acting in a legislative capacity) from personal liability for damages. It does not bar official-capacity suits for prospective injunctive relief to stop ongoing constitutional violations. See, e.g., Supreme Court of Va. v. Consumers Union, 446 U.S. 719 (1980). The Governor is sued in his official capacity as chief executive responsible for election laws. Legislative immunity is inapplicable.

C. Plaintiff Has Article III Standing

Plaintiff satisfies all three prongs:

Concrete Injury: As a No Party candidate, Plaintiff faces higher qualifying burdens (petition signatures and fees) and exclusion from the primary election ballot and associated party resources/media attention. As a No Party voter, his franchise is diluted—he may only "choose" one major party primary, cannot influence both, and independents lack an equivalent nominating process. These are classic ballot-access and vote-dilution injuries. See Anderson v. Celebrezze, 460 U.S. 780 (1983); Burdick v. Takushi, 504 U.S. 428 (1992).

Traceability: The injuries flow directly from Act 1 and Defendants' enforcement.

Redressability: An injunction against enforcement of the offending provisions, or requiring reasonable accommodations (e.g., open primary option or adjusted ballot access), would redress the injuries. Federal courts routinely issue tailored election relief. Whole Woman's Health does not bar relief against named officials enforcing a statute.

Plaintiff has standing for each claim and form of relief.

II. Plaintiff States Plausible Claims for Relief (Rule 12(b)(6))

A. Constitutional Claims (First Amendment, Equal Protection, Due Process) Are Plausible

Supreme Court precedent does not categorically bless every closed primary variant. California Democratic Party v. Jones, 530 U.S. 567 (2000), and Clingman v. Beaver, 544 U.S. 581 (2005), upheld certain party rights to control membership but did not address systems that severely burden independents while granting major parties monopoly-like advantages in a state with significant No Party registration. Louisiana's system forces independents into a binary choice or total exclusion, burdening associational and voting rights.

Courts apply the Anderson-Burdick balancing test. The severe burdens on independents (core political speech and association) are not justified by sufficiently weighty state interests,

3

especially where less restrictive alternatives exist. The higher qualifying thresholds for No Party candidates further trigger strict or heightened scrutiny. These claims survive dismissal. The Hyers analysis is unpersuasive and non-binding.

## B. Voting Rights Act § 2 Claim Is Cognizable

While § 2 primarily protects racial and language minorities, the statute's text and purpose address practices that result in denial or abridgement of the right to vote on account of membership in a protected class. Plaintiff alleges intertwined burdens that disparately impact No Party voters in a manner that can interact with protected characteristics in Louisiana's electorate. At the pleading stage, dismissal is premature. Discovery on vote dilution and practical exclusion is warranted. See 52 U.S.C. § 10301.

## III. Purcell Does Not Require a Stay; Equitable Relief Is Appropriate

Purcell v. Gonzalez, 549 U.S. 1 (2006), cautions against last-minute changes that risk voter confusion. However:

The primary is May 16, but the general election is distant.

Early voting has begun, but targeted relief (e.g., declaratory judgment plus adjustments for the general election or specific ballot access remedies) is feasible without chaos.

Plaintiff's claims present clear constitutional violations.

Plaintiff did not unduly delay; the full effects of the closed system are crystallizing now with qualifying and voting.

Purcell is a prudential principle, not an absolute bar. Where rights are being violated and relief can be narrowly tailored, courts may act. See Merrill v. Milligan, 142 S. Ct. 879 (2022) (Kavanaugh, J., concurring) (balancing factors). The balance favors relief here.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be DENIED in full. Plaintiff's Motion for Temporary Restraining Order should be GRANTED. The Court should enter declaratory and injunctive relief preventing enforcement of Act 1's unconstitutional provisions as applied to No Party candidates and voters, or alternatively order reasonable accommodations to restore equal access.

Respectfully submitted,

4

_(signature)_

/s/ Jamie LaBranche

Jamie LaBranche, Pro Se

2173 Carmel Valley Drive

LaPlace, Louisiana 70068

jamielabranche@yahoo.com

Telephone: 504-559-9586

Dated: May 7, 2026


PROPOSED ORDER

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMIE LABRANCHE,

Plaintiff,

v.

JEFF LANDRY, et al.,

Defendants.

Civil Action No. 3:26-cv-00139

ORDER

Upon consideration of Defendants' Motion to Dismiss or Stay and Plaintiff's Opposition and Motion for TRO,

IT IS HEREBY ORDERED that Defendants' Motion is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Temporary Restraining Order is GRANTED. Defendants are enjoined from enforcing the challenged provisions of Act 1 in a manner that excludes or unduly burdens No Party candidates and voters pending further order of this Court.

SO ORDERED this ___ day of May, 2026.


UNITED STATES DISTRICT JUDGE


_____


Certificate of service,

I hereby sent the above memorandum in opposition to counsel of record Zachary Faircloth and Celia Cangelosi at addresses listed on pleadings by U.S. mail postage prepaid on 5-7-2026.

_____5-7-2026



PRIORITY® FLAT RATE ENVELOPE
MAIL
ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

EXPECTED DELIVERY DAY: 05/11/26
USPS TRACKING® #

9505 5143 9448 6127 6873 23

For Intern

lbs.

Retail

U.S. POSTAGE PAID
PM
LA PLACE, LA 70068
MAY 07, 2026

70801

RDC 03     0 Lb 1.50 Oz

$12.90

S2324P503591-05

EP14H February 2024 Outer Dimension: 10 x 5

JAMIE LABRANCHE
2173 CARMEL VALLEY DRIVE
LA PLACE, LA. 70068

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
CLERKS OFFICE
777 FLORIDA STREET SUITE 139
BATON ROUGE, LA. 70801