# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JAMIE LABRANCHE**                                          **CIVIL ACTION**

**VERSUS**                                                          **NO. 26-139-SDD-RLB**

**STATE OF LOUISIANA, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 25, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMIE LABRANCHE** | **CIVIL ACTION** |
| **VERSUS** | **NO.  26-139-SDD-RLB** |
| **STATE OF LOUISIANA, ET AL.** | |

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court is Plaintiff's Ex Parte Motion for Temporary Restraining Order (TRO) Pursuant to Fed. R. Civ. P. 65(b) ("Motion for TRO") filed on April 20, 2026  (R. Doc. 17). The motion was referred to the undersigned on June 10, 2026.[1]

On February 4, 2026, Janie Labranche ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, commenced this action, naming as the defendants the State of Louisiana; Jeff Landry, in his official capacity as Governor of Louisiana; Nancy Landry, in her official capacity as Secretary of State of Louisiana; and the Louisiana State Boad of Elections (collectively, "Defendants"). (R. Doc. 1). Among other things, Plaintiff seeks declaratory and injunctive relief halting the enforcement of Louisiana House Bill 17, which Governor Landry has signed into law, implementing a closed (or semi-closed) primary system for Louisiana elections, including the 2026 U.S. Senate race. Plaintiff filed this action on behalf of himself and all similarly situated

---

[1] Because this is a motion for injunctive relief, the undersigned has issued a Report and Recommendation for the district judge's consideration. *See* 28 U.S.C. § 636(b)(1); *see Ritter v. Cook*, 45 F. App'x 325 (5th Cir. 2002) ("Because the magistrate judge had not obtained consent from all parties to rule on Ritter's motion for a preliminary injunction, the magistrate judge was without jurisdiction to issue a dispositive order on that motion."); *Beaird v. Lappin*, No. 06-967, 2006 WL 2051034, at *3 (N.D. Tex. July 24, 2006) (vacating magistrate judge's order on motion for temporary restraining order, noting that magistrate judge should have submitted  proposed findings of fact and recommendations for disposition as required under 28 U.S.C. § 636(b)(1)(B)); *see also Hanson v. Drummond*, No. 25-102, 2025 WL 636319, at *2 (W.D. La. Feb. 27, 2025) (concluding that magistrate judge had the authority to issue a report and recommendation to the district judge regarding a motion for temporary restraining order).

1

"No Party" voters, alleging that the law violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and violates Plaintiff's First Amendment and Fourteenth Amendment rights.

In the instant motion, Plaintiff seeks a TRO "immediately halting all actively in the election process for the 2026 United States Senate race in Louisiana until this case can be heard on the merits." (R. Doc. 17 at 4).

Rule 65(b)(1) provides the following with respect to the issuance of a temporary restraining order ("TRO") without notice to the defendants:

> **(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B) (emphasis added).

Having considered Plaintiff's allegations, the Court concludes that Plaintiff has failed to satisfy the requirements of Rule 65(b)(1). Foremost, Plaintiff has neither submitted a Verified Complaint nor an affidavit or unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. Second, the allegations in the Complaint do not "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A). As of the date of this filing, Defendants have filed motions to dismiss Plaintiff's action. (*See* R. Docs. 16, 19). These motions have also been referred to the undersigned.

Plaintiff's failure to comply with Rule 65(b)(1)'s verification requirements, standing alone, is a sufficient basis to deny his request for a TRO. *See Lakeview Loan Servicing, LLC v.*

2

*Truehill*, No. 25-00255-BAJ-RLB, 2025 WL 980064, at *1 (M.D. La. Apr. 1, 2025) (citing

*Stevenson v. Benjamin*, No. 19-00637-BAJ-SDJ, 2021 WL 11592389, at *1 (M.D. La. Feb. 17,

2021) (denying plaintiff's motion for temporary restraining order due to failure to comply with

Rule 65's notice requirements); *Hampton v. First Guaranty Mortgage Corp.*, No. 16-632, 2016

WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (same); *Spears v. Scales*, No. 15-11-SDD-RLB,

2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same)).

Furthermore, the Court finds that Plaintiff has not satisfied the requirements for

preliminary injunctive relief at this time. A party seeking preliminary injunctive relief must

demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood the movant

will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities

tips in the movant's favor, and (4) that an injunction is in the public interest. *See Texas

Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (quoting

*Winter v. Natural Res. Def. Council*, 555 U.S. 7, 21 (2008)). "A preliminary injunction is an

extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674,

689-90 (2008) (internal citations and quotations omitted). The moving party must satisfy all four

factors. *See Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)

(preliminary injunctive relief "is an extraordinary remedy and should be granted only if the

movant has clearly carried the burden of persuasion with respect to all four factors"); *Clark v.

Prichard*, 812. F.2d 991, 993 (5th Cir. 1987) ("The party seeking [injunctive] relief must satisfy a

cumulative burden of proving each of the four elements enumerated before a temporary

restraining order or preliminary injunction can be granted."). "The decision whether to grant or

deny a request for a preliminary injunction is within the sound discretion of the Court." *See

Allied Mktg. Grp.*, 878 F.2d at 809.

For the purposes of the instant Motion for TRO, Plaintiff has not established substantial likelihood of success on the merits. Defendants have raised substantial arguments in support of a finding that Plaintiff's "constitutional claims are barred by sovereign and legislative immunity, foreclosed by Article III, and refuted by Supreme Court precedent confirming the constitutionality of party primaries" and [h]is Voting Rights Act claim likewise fails because no-party status is not a protected VRA class." (*See* R. Doc. 19-1 at 2). Indeed, the Eastern District of Louisiana has dismissed similar constitutional claims against Governor Landry and Secretary Nancy regarding the implementation of Louisiana's closed or semi-closed primary system based on sovereign immunity and legislative immunity. *Hyers v. Landry*, No. 26-286, ECF No. 12 (E.D. La. Apr. 16, 2026), *report and recommendation adopted*, 2026 WL 1279080, at *2 (E.D. La. May 11, 2026) (dismissing the complaint without prejudice, but agreeing with the plaintiffs that Louisiana's primary system should be described as a "semi-closed" primary system).

Furthermore, at the time the instant motion was referred to the undersigned, the May 16, 2026 Louisiana primary elections had already taken place. Accordingly, the motion is moot with respect to the May 16, 2026 Louisiana primary elections. *See, e.g. Gremont v. Scott*, No. 22-00576-P, 2022 WL 16951651, at *1 (N.D. Tex. Nov. 15, 2022) ("The Court further notes that election at issue in this emergency temporary restraining order ('TRO') occurred on November 8, 2022. Thus, the emergency equitable relief sought by the TRO is moot."); *Gordon v. Newsom*, No. 217270 2021 WL 5972079, at *2 (C.D. Cal. Sept. 23, 2021) ("This Court cannot enjoin the Recall Election because it has already occurred.").

The Court is aware that the Louisiana primary runoff is scheduled for June 27, 2026. "The Supreme Court has instructed lower courts not to unduly delay ordering changes to election law until the eve of an election." *La Union Del Pueblo Entero v. Abbott*, 119 F.4th 404, 407 (5th

4

Cir. 2024) (citing *Purcell v. Gonzalez*, 549 U.S. 1, 6 (2006)). While the Fifth Circuit has noted that while the *Purcell* principle is not principle, it is only overcome if the following circumstances are met: "(i) the underlying merits are entirely clearcut in favor of the plaintiff; (ii) the plaintiff would suffer irreparable harm absent the injunction; (iii) the plaintiff has not unduly delayed bringing the complaint to court; and (iv) the changes in question are at least feasible before the election without significant cost, confusion, or hardship." *La Union Del Pueblo Entero v. Abbott*, 119 F.4th 404, 409 (5th Cir. 2024) (quoting *Merrill v. Milligan*, 142 S. Ct. 879, 881 (2022) (Kavanaugh, J., concurring)). As discussed above, the Court has concluded that the underlying merits are not entirely clearcut in favor of Plaintiff. Accordingly, it will likely be appropriate to stay the resolution of Plaintiff's claims pursuant to the *Purcell* principle if Plaintiff's claims are not altogether dismissed.

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintif's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 17) be **DENIED**.

Signed in Baton Rouge, Louisiana, on June 25, 2026.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**